IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

RALPH PADGETT,

       Plaintiff,

   v.

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, NATIONSTAR
MORTGAGE LLC,

       Defendants.

Civil Action No. <u>2:17-cv-01421</u>

## NOTICE OF REMOVAL

Defendant CitiMortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc. ("CitiMortgage"), by and through counsel, removes the above-captioned case from the Circuit Court of Logan County, West Virginia, in which it is now pending, to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Pursuant to 28 U.S.C. § 1446(a), copies of all the process, pleadings, and orders served upon or received by CitiMortgage are attached as Exhibit A. An attested copy of the Putnam County Circuit Court's docket sheet as of March 1, 2017, is attached as Exhibit B. As grounds for removal, CitiMortgage states as follows:

### INTRODUCTION

1.    This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446 on behalf of CitiMortgage. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the claims at issue as alleged by plaintiffs exceed $75,000, exclusive of interest and costs.

2.      In filing this Notice of Removal and appearing herein, CitiMortgage does not waive and does not intend to waive any defense available to it in law or in equity, including but not limited to, defenses based on failure to state a claim upon which relief may be granted.

## THE COMPLAINT

3.      On November 29, 2016, Ralph Padgett ("Plaintiff") commenced this action in the Circuit Court of Logan County by filing a *Complaint* naming as defendants CitiMortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc., Federal National Mortgage Association ("Fannie Mae"), and Nationstar Mortgage LLC ("Nationstar") (the "*Complaint*"). Plaintiff's *Complaint* was assigned Case Number 16-C-286. On January 19, 2017, Plaintiff filed an *Amended Complaint*, substituting Federal Home Loan Mortgage Corporation ("Freddie Mac") for previously named defendant Fannie Mae, and removing language from the *Complaint* stipulating that "the amount in controversy does not exceed $74,999.99."

4.      The *Amended Complaint* asserts six causes of action: Count I - Unconscionable Inducement; Count II - Fraud; Count III - Illegal Loan; Count IV – Joint Venture; Count V – Failure to Provide Statement of Account; and Count VI – Failure to Identify Holder. *Complaint* at ¶¶ 18-47.

5.      The underlying basis for Plaintiff's claims involves a home loan entered into by the Plaintiff on June 26, 2002, with a principal balance of $66,500.00 (the "loan"). *Id.* ¶¶ 8-14. Specifically, Plaintiff asserts that the appraisal to originate the loan was "intentionally inflated" and, after a transfer of servicing rights, defendant Nationstar failed to respond to a September 8, 2016 request for loan documents. *Id.*

6.      As noted above, Plaintiff does not stipulate that he seeks less than $75,000 in the *Amended Complaint*.

7.      On January 30, 2017, CitiMortgage was served through its registered agent, C.T. Corporation System, with a copy of the *Amended Complaint*.

## GROUNDS FOR REMOVAL - COMPLETE DIVERSITY

8.      Plaintiff is a citizen domiciled in West Virginia. *Id.* ¶ 1.

9.      CitiMortgage is a Delaware corporation with its principal place of business in the state of Missouri. *Id.* ¶ 2.

10.     Freddie Mac is a government sponsored enterprise with its principal place of business in Washington D.C. *Id.* ¶ 3.

11.     Nationstar is a limited liability company with its principal place of business in the state of Texas. *Id.* ¶ 4.

12.     Without question, there is complete diversity between Plaintiff and the defendants as required by 28 U.S.C. §1332(a).

## GROUNDS FOR REMOVAL - AMOUNT IN CONTROVERSY

13.     Based upon Plaintiff's claims in the Amended *Complaint*, the amount in controversy exceeds $75,000.

14.     Under Count I, Plaintiff alleges that the CitiMortgage and Freddie Mac have "engaged in a pattern of predatory lending practices" which resulted in the loan entered by Plaintiff. *Id.* ¶¶ 19-23. As a result, Plaintiff seeks a declaration that the loan was "induced by unconscionable conduct" and is "void and unenforceable." Plaintiff further seeks actual damages as well as attorney fees and costs of litigation.

15.     For his claim under Count II, Plaintiff alleges that "Defendants intentionally secured and relied upon an inflated appraisal" of Plaintiff's home "for the purpose of inducing the Plaintiff into the [loan] contract." *Id.* ¶¶ 25-27. Plaintiff seeks actual and punitive damages as well as equitable relief and attorney fees.

16.     Count III alleges that "Defendants induced the Plaintiff into a loan transaction that exceeded the fair market value of his property in violation of West Virginia Code §31-17-8(m)(8)." *Id.* ¶35. Similar to Count I and II, Plaintiff seeks that the loan be declared "void" as well

as attorney fees and costs of litigation. Plaintiff further requests "[r]eturn of payments made on the loan[.]"

17.     Count IV alleges that "[e]ach Defendant and the loan broker had an agreement . . .for a single business enterprise" which results in joint and several liability for the defendants. *Id.* ¶37. Plaintiff requests that the Court declare "Defendants jointly and severally liable."

18.     Counts V and VI alleges that Nationstar, as servicer of the loan, violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") when it "failed and refused to provide an account history to the Plaintiff" and, "[u]pon written request of Plaintiff. . . failed to clearly disclose the name and full business address of the holder of the loan, while colleting on a debt[.]" *Id.* ¶¶44-47. Plaintiff seeks actual damages and civil penalties for each violation of the WVCCPA, as well as attorney fees and costs.

19.     Although Plaintiffs did not expressly plead an amount of damages in their *Amended Complaint*, it is facially apparent from the *Amended Complaint* that the amount in controversy is in excess of $75,000.

20.     Specifically, Plaintiff seeks to have the loan, with a principal balance of $66,500.00, declared "void and unenforceable." This request for relief seeks voidance of the loan agreement while allowing Plaintiff to retain the $66,500 provided under the loan. In addition, Plaintiff requests the "[r]eturn of payments made on the loan" since its inception in 2002. Combined with Plaintiff's request for actual damages, punitive damages, civil penalties under the WVCCPA, and attorney fees, the amount in controversy easily satisfies the $75,000 threshold.

21.     Notably, Plaintiff removed language found in the original *Complaint* which stipulated to an amount in controversy less than $75,000 by filing the *Amended Complaint*. Now, operating under the *Amended Complaint*, Plaintiff has alleged causes of action which far exceed the $75,000 threshold without a stipulation otherwise limiting damages.

22.     Because Plaintiff and the defendants, CitiMortgage, Freddie Mac, and Nationstar are citizens of different states, and because the amount in controversy requirement is satisfied, removal of this case pursuant to 28 U.S.C. § 1441(a) is appropriate based on diversity of citizenship under 28 U.S.C. § 1332.

## VENUE

23.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of Logan County, West Virginia, the forum in which the removed action was pending.

## CONSENT AND NOTICE

24.     Defendants Freddie Mac and Nationstar consent to removal.  See Exhibit C.

25.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice is timely, it being filed within thirty days of service on CitiMortgage.

26.     Pursuant to 28 U.S.C. § 1446(d), CitiMortgage is providing written notice of this Notice of Removal to Plaintiffs and defendants, Freddie Mac and Nationstar, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Logan County.

WHEREFORE, notice is given that this action is removed from the Circuit Court of Logan County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division.

CITIMORTGAGE, INC.
By Counsel,


   /s/   John T. McCartney
Bryan N. Price (WV Bar # 8846)
John T. McCartney (WV Bar #12242)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV  25338-3843
Phone:  (304) 345-0200