

**MOUNTAIN STATE JUSTICE**

Miranda Johnson
Paralegal
miranda@msjlaw.org

November 9, 2016

Vance Kolota, Clerk
Logan County Courthouse
300 Stratton Street
Logan, WV 25601

      **Re:**   **Ralph Padgett v. Citimortgage, Inc., et.al.,**

Dear Clerk:

      Please find enclosed for filing the following documents:

1)    Memorandum to Clerk for Instituting Civil Action;

2)    The appropriate number of Summonses to be issued;

3)    Original Complaint; and

4)    An affidavit of indigency to cover filing fees.

      I have also enclosed an extra copy of the Complaint and Affidavit of Indigency in this matter which needs to be date-stamped and returned to me in the enclosed prepaid envelope along with the signed Summonses.

      Thank you for your attention to this matter. Should you have any questions, please do not hesitate to call.

Sincerely,

Miranda Johnson
Paralegal

Enclosures as stated

**EXHIBIT**
_A_

1031 Quarrier Street, Suite 200 Charleston, West Virginia 25301   P. 304.344.3144 | 800.319.7132   F. 304.344.3145

# MEMORANDUM TO CLERK
# FOR INSTITUTING CIVIL ACTION

**To the Clerk of the Circuit**
**Court of Logan County, West Virginia**

**RALPH PADGETT,**

        **Plaintiff,**

**v.**

CIVIL ACTION NO. _16C286 DB_

**CITIMORTGAGE, INC., d/b/a**
**ABN-AMRO MORTGAGE GROUP, INC.,**
**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, NATIONSTAR**
**MORTGAGE LLC,**

        **Defendants.**

| | Days to Answer | Type of Service |
|---|---|---|
| Citimortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc. | 30 | Secretary of State |
| Federal National Mortgage Association | 30 | Secretary of State |
| Nationstar Mortgage LLC | 30 | Secretary of State |

## PLEASE RETURN ALL FILE STAMPED COPIES AND ALL ORIGINAL
## SUMMONSES TO COUNSEL FOR PLAINTIFF(S) FOR SERVICE OF PROCESS

Please issue summons in the above-styled action as indicated.

Original and _1_ copies of Complaint furnished herewith.

| PLAINTIFF: Ralph Padgett | CASE NUMBER: |
|---|---|
| DEFENDANTS: Citimortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc., et. Al. | |

II.   TYPE OF CASE:

| TORTS | OTHER | CIVIL |
|---|---|---|
| /_/ Asbestos | /_/ Adoption | /_/ Appeal from Magistrate Court |
| /_/ Professional Malpractice | /_/ Contract | /_/ Petition for Modification of Magistrate Sentence |
| /_/ Personal Injury | /_/ Real Property | /_/ Miscellaneous Civil |
| /_/ Product Liability | /_/ Mental Health | /X/ Other |
| /_/ Other Tort | /_/ Appeal of Administrative Agency | |

III.   JURY DEMAND:      /X/  Yes         /_/  No

CASE WILL BE READY FOR TRIAL BY    November 2017

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?      /_/ YES      /X/ NO
IF YES, PLEASE SPECIFY:

/_/   Wheelchair accessible hearing room and other facilities
/_/   Interpreter or other auxiliary aid for the hearing impaired
/_/   Reader or other auxiliary aid for the visually impaired
/_/   Spokesperson or other auxiliary aid for the speech impaired
/_/   Other: _____

Attorney Name:    Bren J. Pomponio          Representing:

Firm:     Mountain State Justice, Inc.       /X/ Plaintiff      /_/ Defendant

Address:    1031 Quarrier Street             /_/ Cross-Complainant    /_/ Cross-Defendant
            Suite 200
            Charleston, WV  25301

Telephone:  304/344-3144                     Dated: November 9, 2016

                                             _____
                                             Signature

/_/ Pro Se

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

       **Plaintiff,**

v.                                  CIVIL ACTION NO. _10C 286-08_

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NATIONSTAR
MORTGAGE LLC,

       **Defendants.**

## COMPLAINT

### INTRODUCTION

    This case arises out the practice characterized by the United States Department of Housing and Urban Development as predatory lending, whereby a large national lender solicits unsophisticated consumers to enter into unwise or fraudulent home loans. ABN AMRO in this case participated with a now-defunct mortgage broker and an bogus appraiser induce the Plaintiff into a home-secured loan that far exceeded the market value of his home. Plaintiff brings this action to save his home and other appropriate relief. The amount in controversy does not exceed $74,999.99 and Plaintiff expressly waives recovery of all amount in excess thereof. (See Ex. A.)

### PARTIES

1.    Plaintiff Ralph Padgett is a disabled coal miner. He lives with his wife in a 1999 manufactured home situated at 51 Light Post Lane, Mallory, Logan County, West Virginia 25634. The land on which the home sits is secured by the loan that is the subject of this action. Mr. Padgett suffers from a learning disability (dyslexia) that affects his ability to comprehend written words, and

is unsophisticated in financial matters.

2.    Lender: The Defendant, Citimortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc. ("ABN-AMRO"), is a corporation licensed to do business in West Virginia. Its corporate headquarters are located at 1000 Technology Dr., MS 140, O'Fallon, MO 63368. At all times relevant to this action ABN-AMRO was the originator of the Plaintiff's loan that is the subject of this action.

3.    Holder: Defendant Federal National Mortgage Association ("Fannie Mae") has a principal place of business at 3900 Wisconsin Avenue NW, Washington, DC 20016-3899. On information and belief, Fannie Mae is the holder of the mortgage loan. Fannie Mae is subject to all claims and defenses Plaintiff may have arising out of the origination of the loan.

4.    Servicer: Defendant Nationstar Mortgage LLC (Nationstar) is a large national mortgage servicer that does business in West Virginia with its principal place of business at 350 Highland Drive, Lewisville, Texas 75067. Defendant Nationstar is the current servicer of Plaintiff's mortgage loan.

## STATEMENT OF FACTS

Purchase

5.    In or around 1989, Plaintiff and his wife purchased the property where their home is situated for approximately $12,000.00. The lot is less than an acre located at 51 Light Post Lane, Mallory, Logan County, West Virginia 25634. The property included a 1972 FEMA flood trailer.

6.    In or around 1999, the Plaintiffs purchased a manufactured home for $40,000.00 and located it on their property at 51 Light Post Lane.

Refinances

7.   In or around 2000, Plaintiff was solicited to refinance the loan they used to purchase the manufactured home.

8.   In the Summer of 2002, Plaintiff was again solicited to refinance by the now-defunct Community Home Mortgage, out of its Crab Orchard Office.

9.   Defendants ABN AMRO and Community Home Mortgage arranged for an appraisal of Plaintiff's home with an appraiser the lender and broker knew would falsely inflate the value of the Plaintiff's property.

10.   This appraisal was intentionally inflated, and stated that the market value of Plaintiff's home and land was at least $66,500.00.

11.   Unbeknownst to Plaintiffs, the actual market value of Plaintiff's home at that time was approximately $30,000.00-$40,000.00.

12.   ABN AMRO Mortgage has a history of originating loans that are based on inflated appraisals.

13.   In or around June 26, 2002, Plaintiffs closed the loan with Defendant ABN-AMRO, brokered by Community Home Mortgage, with a principal balance of $66,500.00.

14.   Plaintiff was unaware that the value of his home was inflated until he obtained a retrospective value in November 2016.

Servicing

15.   In or around August 2016, the servicing of Plaintiff's loan was transferred from Citimortgage to Defendant Nationstar.

16.   By letter dated September 8, 2016, Plaintiff requested a copy of documents relating

-3-

to his loan, the identity of the holder, and a statement of account.

17. As of the filing of this action, Nationstar has failed to respond to Plaintiff's request.

## COUNT I – UNCONSCIONABLE INDUCEMENT

18. Plaintiff incorporates the preceding paragraphs by reference.

19. The Defendants' broker and lender have engaged in a pattern of predatory lending practices to induce homeowners into inflated loans that exceed the value of their property without their knowledge.

20. The Plaintiff is an unsophisticated consumer and did not understand the details of the transaction.

21. The loan was induced by unconscionable conduct including the intentional misrepresentations that Plaintiff's home had a value of at least $66,500.00.

22. The loan contains several substantively unfair terms, including but not limited to the fact that the loan far exceeds the market value of the home, the Defendants have a pattern of intentionally inflating the market value of homes to support predatory loans that exceed the market value of the borrowers' homes, the loan issued by the Defendants left the Plaintiff far worse off than he was with his existing financing and put the Plaintiff in jeopardy of losing his home.

23. The loan issued the Plaintiff was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a) A declaration that Plaintiffs' loan was induced by unconscionable conduct;

(b) A declaration that the loan agreement is void and unenforceable;

-4-

     (c)     Appropriate actual damages and civil penalties;

         (d)     Reasonable attorney fees and the cost of this litigation; and

         (e)     Such other relief as the Court may deem equitable and just.

### COUNT II - FRAUD

24.     Plaintiff incorporates the preceding paragraphs by reference.

25.     Defendants intentionally secured and relied upon an inflated appraisal of Plaintiffs' home.

26.     Defendants have a pattern of intentionally inflating the value of homes for predatory loans.

27.     The broker intentionally employed the appraiser to misrepresent the market value of the Plaintiff's property for the purpose of inducing the Plaintiff into the contract.

28.     The Defendants conspired to fraudulently misrepresent the market value of the Plaintiff's home.

29.     Defendants intentionally misrepresented to Plaintiff that their home had a value of at least $66,500.00.

30.     This representation was false; the home and land had an actual market value of approximately $30,000.00 to 40,000.00.

31.     The Defendants' misrepresentations and/or suppressions were intentional and material.

32.     The Plaintiff reasonably relied upon Defendants' misrepresentations when entering into the loan agreement.

33.     The Plaintiff was damaged by the Defendants' fraudulent appraisal.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

(a)     Actual and punitive damages;

(b)     Appropriate equitable relief;

(c)     Reasonable attorney's fees and the cost of this litigation; and

(d)     Such other relief as the Court deems equitable and just.

## COUNT III – ILLEGAL LOAN

34.     Plaintiff incorporates the preceding paragraphs by reference.

35.     The Defendants induced the Plaintiff into a loan transaction that exceeded the fair market value of his property in violation of *West Virginia Code* § 31-17-8(m)(8).

**WHEREFORE**, the Plaintiff respectfully request the following relief:

(a)     The Court declare the loan void;

(b)     Return of payments made on the loan;

(c)     Reasonable attorney fees and the cost of this litigation; and

(d)     Such other relief as the Court may deem equitable and just.

## COUNT IV – JOINT VENTURE

36.     Plaintiff incorporates the preceding paragraphs by reference.

37.     Each Defendant and the loan broker had an agreement, either written, oral, constructive, or otherwise for a single business enterprise, that is the loan at issue in this case.

38.     Each Defendant and the loan broker shared in the profits and/or losses of the single business enterprise.

39.     The Defendants and the loan broker combined their money, skill, and/or knowledge to carry out this single business enterprise.

-6-

40.     Each of the acts of the Defendants and the loan broker were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and each of the acts of one is the act of the others.

41.     The Defendant holder exercised a degree of control over the Defendant lender and the Defendant lender exercised a degree of control over the broker in carrying out the single business enterprise.

42.     At all times relevant hereto, the acts of broker and appraiser were done as agent for the other Defendants, and the acts of the Defendant servicer were done on behalf of the Defendant holder. Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

**WHEREFORE**, the Plaintiffs respectfully request that the Court declare Defendants jointly and severally liable.

## COUNT V – FAILURE TO PROVIDE STATEMENT OF ACCOUNT

43.     Plaintiff incorporates the preceding paragraphs by reference.

44.     Defendant failed and refused to provide an account history to the Plaintiff in violation of *W. Va. Code* § 46A-2-114(2).

45.     Defendant failed and refused to provide a statement of default charges to Plaintiff in violation of West Virginia Code section 46A-2-115(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     Actual damages and a civil penalties of for each violation pursuant to *W.Va. Code* § 46A-5-101(1) & 106.

(b)     Attorneys fees and the costs of this litigation; and

(c)     Such other relief as the Court may deem appropriate and just.

## COUNT VI - FAILURE TO IDENTIFY HOLDER

46.     Plaintiff incorporates the preceding paragraphs by reference.

47.     Upon written request of Plaintiff, Defendant failed to clearly disclose the name and

full business address of the holder of the loan, while collecting on a debt, in violation of W. Va.

Code § 46A-2-127(c).

**WHEREFORE**, Plaintiff respectfully requests the following relief subject to the

accompanying stipulation of damages:

(a)     The Court enter a declaratory judgment that defendant is engaged in such illegal

practices and enjoin the illegal practices;

(b)     Civil penalties for each violation pursuant to West Virginia Code sections

46A-5-101(1) & -106;

(c)     Reasonable attorney fees and such other relief as the Court may deem reasonable and

just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RALPH PADGETT,
By Counsel.

Bren J. Pomponio (State Bar ID No. 7774)
Mountain State Justice, Inc.
1031 Quarrier St., Ste. 200
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
**COUNSEL FOR PLAINTIFF**

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

**RALPH PADGETT,**

　　　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　CIVIL ACTION NO._____

**CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NATIONSTAR
MORTGAGE LLC,**

　　　　**Defendants.**

## STIPULATION

1.　　Plaintiff stipulates that all of his alleged damages and all other relief including but not limited to equitable relief, declaratory relief, punitive damages, actual damages, and attorneys fees and costs set forth in the Complaint are no greater than $74,999.99.

2.　　To the extent any remedy awarded by the Court and/or jury, inclusive of attorney fees, declaratory relief, and equitable relief, would be in excess of a combined $74,999.99, Plaintiff stipulates that he will not be entitled to recover said excess.

_Ralph Padgett_
**RALPH PADGETT**

Taken, sworn to, and subscribed before me this 2nd day of November, 2016.

My commission expires: Sep. 3, 2017

_Kimberly J. Richards_
Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Kimberly J. Richards
1125 Sunset Terrace
Milton, WV 25541
My Commission Expires September 03, 2017

**EXHIBIT
A**
tabbies

_[signature]_

**BREN J. POMPONIO, ESQ.**

Taken, sworn to, and subscribed before me this 2nd day of November, 2016.

My commission expires: _Sept. 3, 2017_ .

_[signature]_
Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Kimberly J. Richards
1128 Sunset Terrace
Milton, WV 25541
My Commission Expires September 03, 2017

**IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA**

**RALPH PADGETT,**

      **Plaintiff,**

**v.**                                        **CIVIL ACTION NO.** _116 C 286 -CB_

**CITIMORTGAGE, INC., d/b/a**
**ABN-AMRO MORTGAGE GROUP, INC.,**
**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, NATIONSTAR**
**MORTGAGE LLC,**

      **Defendants.**

**SERVE:**
**CITIMORTGAGE, INC., d/b/a**
**ABN-AMRO MORTGAGE GROUP, INC.,**
**1000 TECHNOLOGY DRIVE**
**O'FALLON, MO 63368**

**SUMMONS**

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

_____
Clerk of Court

Date: _11/29/14_ _____

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

        Plaintiff,

v.                                CIVIL ACTION NO. _16 C 284-03_

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NATIONSTAR
MORTGAGE LLC,

        Defendants.

                           **SERVE:**
                  **FEDERAL NATIONAL MORTGAGE ASSOCIATION**
                  **3900 Wisconsin Avenue NW**
                  **Washington, DC 20016-3899**

## SUMMONS

To:  The Above-Named Defendant:

## IN THE NAME OF THE STATE OF WEST VIRGINIA,

        You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

        You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                                   _____
                                                  Clerk of Court

Date: _11/29/16_

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

      Plaintiff,

v.

                                  CIVIL ACTION NO. _10 C 286 DB_

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, NATIONSTAR
MORTGAGE LLC,

      Defendants.

                                 **SERVE:**
                         NATIONSTAR MORTGAGE LLC
                         8950 CYPRESS WATERS BOULEVARD
                         COPPELL, TX 75019

                              **SUMMONS**

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                            _____
                                            Clerk of Court

Date: _11/29/10_

## IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

**RALPH PADGETT,**

        **Plaintiff,**

**v.**
                                         **CIVIL ACTION NO.** 16-C-286

**CITIMORTGAGE, INC., d/b/a**
**ABN-AMRO MORTGAGE GROUP, INC.,**
**FEDERAL HOME LOAN MORTGAGE**
**CORPORATION, NATIONSTAR**
**MORTGAGE LLC,**

        **Defendants.**

### FIRST AMENDED COMPLAINT

### INTRODUCTION

This case arises out the practice characterized by the United States Department of Housing and Urban Development as predatory lending, whereby a large national lender solicits unsophisticated consumers to enter into unwise or fraudulent home loans. ABN AMRO in this case participated with a now-defunct mortgage broker and an bogus appraiser induce the Plaintiff into an exploitive home-secured loan.

### PARTIES

1.    Plaintiff Ralph Padgett is a disabled coal miner. He lives with his wife in a 1999 manufactured home situated at 51 Light Post Lane, Mallory, Logan County, West Virginia 25634. The land on which the home sits is secured by the loan that is the subject of this action. Mr. Padgett suffers from a learning disability (dyslexia) that affects his ability to comprehend written words, and is unsophisticated in financial matters.

2.    <u>Lender</u>: The Defendant, Citimortgage, Inc. d/b/a ABN-AMRO Mortgage Group, Inc.

("ABN-AMRO"), is a corporation licensed to do business in West Virginia.  Its corporate headquarters are located at 1000 Technology Dr., MS 140, O'Fallon, MO 63368.  At all times relevant to this action ABN-AMRO was the originator of the Plaintiff's loan that is the subject of this action.

3.    <u>Holder</u>: Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") is a private company with a Congressional charter to make home mortgage loans.  Its corporate headquarters are at 820 Jones Branch Dr., McLean VA 22102.  Freddie Mac is the holder of the loan secured by Plaintiff's property.  Freddie Mac is subject to all claims and defenses Plaintiff may have arising out of the origination of the loan and against its servicing agent..

4.    <u>Servicer</u>:  Defendant Nationstar Mortgage LLC (Nationstar) is a large national mortgage servicer that does business in West Virginia with its principal place of business at 350 Highland Drive, Lewisville, Texas 75067.  Defendant Nationstar is the current servicer of Plaintiff's mortgage loan.

## STATEMENT OF FACTS

<u>Purchase</u>

5.    In or around 1989, Plaintiff and his wife purchased the property where their home is situated for approximately $12,000.00.  The lot is less than an acre located at 51 Light Post Lane, Mallory, Logan County, West Virginia 25634.  The property included a 1972 FEMA flood trailer.

6.    In or around 1999, the Plaintiffs purchased a manufactured home for $40,000.00 and located it on their property at 51 Light Post Lane.

<u>Refinances</u>

7.    In or around 2000, Plaintiff was solicited to refinance the loan they used to purchase

-2-

the manufactured home.

8.      In the Summer of 2002, Plaintiff was again solicited to refinance by the now-defunct Community Home Mortgage, out of its Crab Orchard Office.

9.      Defendants ABN AMRO and Community Home Mortgage arranged for an appraisal of Plaintiff's home with an appraiser the lender and broker knew would falsely inflate the value of the Plaintiff's property.

10.     This appraisal was intentionally inflated, and stated that the market value of Plaintiff's home and land was at least $66,500.00.

11.     Unbeknownst to Plaintiffs, the actual market value of Plaintiff's home at that time was approximately $30,000.00-$40,000.00.

12.     ABN AMRO Mortgage has a history of originating fraudulent loans that are based on inflated appraisals.

13.     In or around June 26, 2002, Plaintiffs closed the loan with Defendant ABN-AMRO, brokered by Community Home Mortgage, with a principal balance of $66,500.00.

14.     Plaintiff was unaware that the value of his home was inflated until he obtained a retrospective value in November 2016.

Servicing

15.     In or around August 2016, the servicing of Plaintiff's loan was transferred from Citimortgage to Defendant Nationstar.

16.     By letter dated September 8, 2016, Plaintiff requested a copy of documents relating to his loan, the identity of the holder, and a statement of account.

17.     As of the filing of this action, Nationstar has failed to respond to Plaintiff's request.

-3-

## COUNT I – UNCONSCIONABLE INDUCEMENT

18.     Plaintiff incorporates the preceding paragraphs by reference.

19.     The Defendants' broker and lender have engaged in a pattern of predatory lending practices to induce homeowners into inflated loans that exceed the value of their property without their knowledge.

20.     The Plaintiff is an unsophisticated consumer and did not understand the details of the transaction.

21.     The loan was induced by unconscionable conduct including the intentional misrepresentations that Plaintiff's home had a value of at least $66,500.00.

22.     The loan contains several substantively unfair terms, including but not limited to the fact that the loan far exceeds the market value of the home; the Defendants have a pattern of intentionally inflating the market value of homes to support predatory loans that exceed the market value of the borrowers' homes; the loan issued by the Defendants left the Plaintiff far worse off than he was with his existing financing and put the Plaintiff in jeopardy of losing his home.

23.     The loan issued the Plaintiff was unconscionable, under all circumstances alleged, at the time it was made and/or was induced by unconscionable conduct, and therefore was unenforceable.

**WHEREFORE**, the Plaintiffs respectfully request the following relief:

(a)     A declaration that Plaintiffs' loan was induced by unconscionable conduct;

(b)     A declaration that the loan agreement is void and unenforceable;

(c)     Appropriate actual damages and civil penalties;

(d)     Reasonable attorney fees and the cost of this litigation; and

-4-

(e)     Such other relief as the Court may deem equitable and just.

## COUNT II - FRAUD

24.     Plaintiff incorporates the preceding paragraphs by reference.

25.     Defendants intentionally secured and relied upon an inflated appraisal of Plaintiffs' home.

26.     Defendants have a pattern of intentionally inflating the value of homes for predatory loans.

27.     The broker intentionally employed the appraiser to misrepresent the market value of the Plaintiff's property for the purpose of inducing the Plaintiff into the contract.

28.     The Defendants conspired to fraudulently misrepresent the market value of the Plaintiff's home.

29.     Defendants intentionally misrepresented to Plaintiff that their home had a value of at least $66,500.00.

30.     This representation was false; the home and land had an actual market value of approximately $30,000.00 to 40,000.00.

31.     The Defendants' misrepresentations and/or suppressions were intentional and material.

32.     The Plaintiff reasonably relied upon Defendants' misrepresentations when entering into the loan agreement.

33.     The Plaintiff was damaged by the Defendants' fraudulent appraisal.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

(a)     Actual and punitive damages;

(b)    Appropriate equitable relief;

(c)    Reasonable attorney's fees and the cost of this litigation; and

(d)    Such other relief as the Court deems equitable and just.

### COUNT III – ILLEGAL LOAN

34.    Plaintiff incorporates the preceding paragraphs by reference.

35.    The Defendants induced the Plaintiff into a loan transaction that exceeded the fair market value of his property in violation of *West Virginia Code* § 31-17-8(m)(8).

**WHEREFORE**, the Plaintiff respectfully request the following relief:

(a)    The Court declare the loan void;

(b)    Return of payments made on the loan;

(c)    Reasonable attorney fees and the cost of this litigation; and

(d)    Such other relief as the Court may deem equitable and just.

### COUNT IV – JOINT VENTURE

36.    Plaintiff incorporates the preceding paragraphs by reference.

37.    Each Defendant and the loan broker had an agreement, either written, oral, constructive, or otherwise for a single business enterprise, that is the loan at issue in this case.

38.    Each Defendant and the loan broker shared in the profits and/or losses of the single business enterprise.

39.    The Defendants and the loan broker combined their money, skill, and/or knowledge to carry out this single business enterprise.

40.    Each of the acts of the Defendants and the loan broker were done in furtherance of a joint venture in which each of the acts of the Defendants were pursued with a joint purpose, and

-6-

each of the acts of one is the act of the others.

41.    The Defendant holder exercised a degree of control over the Defendant lender and the Defendant lender exercised a degree of control over the broker in carrying out the single business enterprise.

42.    At all times relevant hereto, the acts of broker and appraiser were done as agent for the other Defendants, and the acts of the Defendant servicer were done on behalf of the Defendant holder. Each of the Defendants' acts were conducted as a part of the principal-agency relationship between the Defendants.

**WHEREFORE**, the Plaintiffs respectfully request that the Court declare Defendants jointly and severally liable.

## COUNT V – FAILURE TO PROVIDE STATEMENT OF ACCOUNT

43.    Plaintiff incorporates the preceding paragraphs by reference.

44.    Defendant Nationstar failed and refused to provide an account history to the Plaintiff in violation of *W. Va. Code* § 46A-2-114(2).

45.    Defendant failed and refused to provide a statement of default charges to Plaintiff in violation of West Virginia Code section 46A-2-115(d).

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    Actual damages and a civil penalties of for each violation pursuant to *W. Va. Code* § 46A-5-101(1) & 106.

(b)    Attorneys fees and the costs of this litigation; and

(c)    Such other relief as the Court may deem appropriate and just.

## COUNT VI - FAILURE TO IDENTIFY HOLDER

-7-

46.     Plaintiff incorporates the preceding paragraphs by reference.

47.     Upon written request of Plaintiff, Defendant Nationstar failed to clearly disclose the name and full business address of the holder of the loan, while collecting on a debt, in violation of W. Va. Code § 46A-2-127(c).

**WHEREFORE**, Plaintiff respectfully requests the following relief subject to the accompanying stipulation of damages:

    (a)     The Court enter a declaratory judgment that defendant is engaged in such illegal practices and enjoin the illegal practices;

    (b)     Civil penalties for each violation pursuant to West Virginia Code sections 46A-5-101(1) & -106;

    (c)     Reasonable attorney fees and such other relief as the Court may deem reasonable and just.

**THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                    **RALPH PADGETT,**
                                    **By Counsel.**

Bren J. Pomponio (State Bar ID No. 7774)
Mountain State Justice, Inc.
1031 Quarrier St., Ste. 200
Charleston, WV 25301
(304) 344-3144
(304) 344-3145 (fax)
*Counsel for Plaintiff*

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

      Plaintiff,

v.                                         CIVIL ACTION NO. 16-C-286

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, NATIONSTAR
MORTGAGE LLC,

      Defendants.

                                      **SERVE:**
                                    **NATIONSTAR MORTGAGE LLC**
                                    **8950 CYPRESS WATERS BOULEVARD**
                                    **COPPELL, TX 75019**

                                  **SUMMONS**

To: The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the First Amended Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                      _____
                                          Clerk of Court

Date: 1/20/17 _____

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

        Plaintiff,

v.                                    CIVIL ACTION NO. 16-C-286

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, NATIONSTAR
MORTGAGE LLC,

        Defendants.

                                **SERVE:**
                                **FEDERAL HOME LOAN MORTGAGE CORPORATION**
                                **820 Jones Branch Drive**
                                **McLean VA 22102**

**SUMMONS**

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301,** an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the First Amended Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                       _____
                                        Clerk of Court

Date:  1/20/17

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

RALPH PADGETT,

        Plaintiff,

v.                                 CIVIL ACTION NO. *16-C-286*

CITIMORTGAGE, INC., d/b/a
ABN-AMRO MORTGAGE GROUP, INC.,
FEDERAL HOME LOAN MORTGAGE
CORPORATION, NATIONSTAR
MORTGAGE LLC,

        Defendants.

                        **SERVE:**
                    **CITIMORTGAGE, INC., d/b/a**
                    **ABN-AMRO MORTGAGE GROUP, INC.,**
                    **1000 TECHNOLOGY DRIVE**
                    **O'FALLON, MO 63368**

                            <u>**SUMMONS**</u>

To:  The Above-Named Defendant:

**IN THE NAME OF THE STATE OF WEST VIRGINIA,**

      You are hereby summoned and required to serve upon **Bren J. Pomponio / Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

      You are required to serve your answer to the First Amended Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

                                        _____

                                           Clerk of Court

Date:  _1/20/17_



**MOUNTAIN
STATE
JUSTICE**

**Miranda Johnson**
Paralegal
miranda@msjlaw.org

January 17, 2017

Vance Kolota, Clerk
Logan County Courthouse
300 Stratton Street
Logan, WV 25601

Re:   **Ralph Padgett v. Citimortgage, Inc., et.al.,**
      **Civil Action No.: 16-C-286**

Dear Clerk:

     Please find the enclosed original "First Amended Complaint" for filing in the above styled civil action.

     I have also enclosed an extra copy of the First Amended Complaint as well as summonses in the above-referenced matter to be date stamped and returned in the enclosed envelope.

     Thank you for your attention to this matter. Please do not hesitate to contact me with any questions.

Sincerely,

Miranda Johnson
Paralegal

Enclosures as stated

1031 Quarrier Street, Suite 200 Charleston, West Virginia 25301   P. 304.344.3144 | 800.319.7132   F. 304.344.3145